CADY, Chief Justice
(concurring specially).
The statute at the center of the dispute in this case disqualifies an employee from receiving unemployment benefits when the employee was discharged from employment for misconduct associated with the employment. Iowa Code § 96.5(2) (2013). In turn, a long-standing agency rule supplements the statute by declaring excessive absenteeism constitutes misconduct and automatically disqualifies a terminated employee from unemployment benefits. Iowa Admin. Code r. 871 — 24.32(7). A separate agency rule supplements the statute, declaring involuntary incarceration constitutes a voluntary quit without good cause, which also,disqualifies a terminated employee from unemployment benefits. Iowa Code § 96.5(1); Iowa Admin. Code r, 871 — 24.25(16).
I agree with the majority that each case of involuntary incarceration must be analyzed on its own facts. Further, some absenteeism due to incarceration might support misconduct under Iowa Code section 96.5(2), but some might not.
Notwithstanding, I write separately only to point out the importance of caréfully considering how rules and statutes enacted over the years to resolve various issues can adversely impact a particular segment of people in society.
The agency absenteeism rule in this case has been in existence for over forty years. See Iowa Admin. Code r. 871 — 24.32(7). Yet as this case has revealed, when applied to situations of involuntary incarceration for a bailable offense, the rule can disproportionately affect those people in society without the financial resources to post bail. It means people with the financial resources to post bail are unlikely to incur excessive absences due to a bailable-offense incarceration, while those without the financial ability to post bail suffer the consequences of the absenteeism rule.
Justice in our state will be advanced when áll implicit bias found in our laws and rules can be identified and eliminated. This case is one example and is a step in the right direction.
WIGGINS, J., joins this special concurrence.